|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| FELIX & CO. CORP., | |
| Plaintiff, | Civil No. 05-2298(JAF) |
| v. | |
| MARTHA MANCINI, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff, Felix & Co., Corp.[1], brings this diversity action against Martha Mancini, Michael Mancini, and their conjugal partnership, d/b/a Amber Dreams-Mike's Discount Closeouts; alleging that Defendants owe Plaintiffs $205,828.83 for unpaid merchandise. Docket Document No. 1. Defendants Martha and Michael Mancini move to dismiss for failure to state a claim. Docket Document No. 9. Plaintiff opposes the motion. Docket Document No. 15.

Defendants aver that although they were sued in their individual capacities, they did not in fact engage "in business with the plaintiff in their personal capacities, but rather in their corporate capacities as officers and employees of "two corporate entities: From

---

[1] In Plaintiff's own filings, the caption consistently reads "Fenix & Co." as the named plaintiff. Docket Document No. 1, 12, 15. However, in the text of the pleadings and also on the docket heading the party is named as Felix & Co. Id. We will assume that "Felix" is the proper party name but request notification from Plaintiff if we are incorrect in our assumption.

Civil No. 05-2298 (JAF)                                                    -2-

1   1999 through 2003, M&M Trading Co., Inc.; and thereafter, Mikes
2   Discount Closeouts, Inc. Docket Document No. 9.
3        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a
4   defendant may move to dismiss an action against him based solely on
5   the pleadings for the plaintiff's "failure to state a claim upon
6   which relief can be granted." FED. R. CIV. P. 12(b)(6).  In assessing
7   a motion to dismiss, "[w]e begin by accepting all well-pleaded facts
8   as true, and we draw all reasonable inferences in favor of the
9   [nonmovant]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962,
10  971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d
11  440, 442-43 (1st Cir. 1992).  We then determine whether the plaintiff
12  has stated a claim under which relief can be granted.
13       A plaintiff must only satisfy the simple pleading requirements
14  of Federal Rule of Civil Procedure 8(a) in order to survive a motion
15  to dismiss.  Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002);
16  Morales-Villalobos v. Garcia-Llorens, 316 F.3d 51, 52-53 (1st Cir.
17  2003); DM Research, Inc. v. College of Am. Pathologists, 170 F.3d 53,
18  55-56 (1st Cir. 1999).  The pleading requirements merely require
19  Plaintiff to set forth "a short and plain statement of the claim
20  showing that the pleader is entitled to relief,"  FED. R. CIV.
21  P. 8(a)(2), and he need only give the respondent fair notice of the
22  nature of the claim and its underlying basis. Swierkiewicz, 534 U.S.
23  at 512-515.  "Given the Federal Rules' simplified standard for
24  pleading, '[a] court may dismiss a complaint only if it is clear that

Civil No. 05-2298 (JAF) -3-

no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

At this stage in the litigation, since "we take the factual averments contained in the complaint as true," Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992), we will not engage in settling factual disputes.

The complaint clearly implicates Defendants in their personal capacities. Plaintiff alleges that "it was expressly stipulated that the person signing the invoices [for Mikes Discount Closeout Stores] personally guarantees the value and payment of the amount owed," and "Defendant Martha Mancini personally signed every invoice of the goods delivered" to Defendants' place of business. Docket Document No. 1.

As the complaint alleges complete party diversity and the requisite amount in controversy, it is clearly sufficient to overcome a Rule 12(b)(6) motion to dismiss.

If Defendants wish to dispute the allegations in Plaintiff's complaint, they must do so in a motion for summary judgment, which we will grant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Civil No. 05-2298 (JAF)                                                     -4-

For the reasons stated herein, Defendants' motion to dismiss is **DENIED**. <u>Docket Document No. 9</u>.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of March, 2006.

                                              S/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U. S. District Judge