|                                | |
|--------------------------------|---|
| UNITED STATES DISTRICT COURT   | |
| DISTRICT OF PUERTO RICO        | |

| | |
|---|---|
| FENIX & CO. CORP., | |
| Plaintiff, | Civil No. 05-2298 (JAF) |
| v. | |
| MARTHA MANCINI, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Before the court is Defendants' motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, filed on January 10, 2007. Docket Document No. 78; Fed. R. Civ. P. 59(e)(2006).[1] In it, Defendants urge us to revisit our December 28, 2006, Order and Opinion, Docket Document No. 77, in which we granted-in-part both parties' motions for summary judgment. Docket Document No. 78. Plaintiff opposed January 15, 2007. Docket Document No. 79. For the reasons stated below, we deny Defendants' motion for reconsideration.

"Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly-discovered evidence, or when there is an intervening change in the law." Standard Química de Venezuela v. Central Hispano Int'l, Inc.,

---

[1] Although Defendants failed to state that their motion for reconsideration is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, see Docket Document No. 78, we will assume that this is a Rule 59(e) motion and proceed accordingly.

Civil No. 05-2298 (JAF)                                                    -2-

No. 96-2548, 1999 U.S. Dist. LEXIS 17300, at *8 (D.P.R. Sept. 30, 1999)(citing Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994).  Defendants assert that we erred in finding that there was no genuine issue of fact regarding the validity of the debt acknowledgment form and Defendants' inability to return merchandise to Plaintiff in lieu of payment. Docket Document No. 78.[2]  We will address each issue in turn.

With regard to the first issue – the debt acknowledgment form – Defendants argue that the court improperly concluded that there was no genuine issue of fact as to the form's validity. Id.  Defendants allege that, because they sufficiently rebutted Plaintiff's evidence on this issue, the court should have left the matter up to the jury. Id.  Instead, according to Defendants, the court improperly weighed the evidence, thereby impermissibly assuming the role of a trier of fact. Id.

We disagree and find that we properly concluded that there was no genuine issue as to the validity of the debt acknowledgment form. Based on the evidence before the court, no reasonable trier of fact could find in favor of Defendants on this issue and Defendants have failed to persuade us otherwise. Docket Document No. 77; see United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir.

---

[2] For a full understanding of our analysis regarding the debt acknowledgment form that was signed by Defendant Mancini and the parties' consignment agreement, see our December 28, 2006, Order and Opinion. Docket Document No. 77.

1992)(explaining that a genuine issue does not exist as to a material fact if a "reasonable jury could [not] resolve the point in favor of the nonmoving party").  Rather than reiterate our reasoning in reaching this conclusion, we refer Defendants to our analysis regarding this matter that is contained in our December 28, 2006, Order and Opinion.  Docket Document No. 77.

With regard to the issue of consignment, Defendants assert that the court misconstrued the terms of the contract and, therefore, erred in finding that Defendants can no longer return merchandise in lieu of payment of their debt to Plaintiff.  Docket Document No. 78. They argue that the terms of the contract, which include a thirty-day limitation on the return of merchandise, cannot be binding because they do not accurately reflect the terms of the business relationship that existed between the parties.  Id.  Moreover, Defendants assert that the thirty-day limitation renders the terms of the agreement ambiguous and that, pursuant to Article 7 of the Puerto Rico Civil Code, courts should interpret such ambiguous contractual terms "based on equity."  Id. (citing 31 L.P.R.A. § 7 (2004)("Article 7")). Defendants urge us to issue an equitable ruling finding the thirty-day limit on the return of merchandise non-binding.  Id.  We find Defendants' arguments unpersuasive.

Article 7 states, in relevant part, that "[w]hen there is no statute applicable to the case at issue, the court shall decide in accordance with equity, which means that natural justice, as embodied

Civil No. 05-2298 (JAF)                                                    -4-

in the general principles of jurisprudence and in accepted usages and customs, shall be taken into consideration." 31 L.P.R.A. § 7. It is unclear why this statute is relevant since Defendants have failed to demonstrate that "there is no statute applicable to the case at issue." Id.; see Docket Document No. 78.[3]

Moreover, in our December 28, 2006, Order and Opinion, we fully explained why we concluded that Defendants no longer have the option of returning merchandise in lieu of payment, stating:

> Under Puerto Rico law, "[a] consignment is a transaction in which a person (the 'consignor') delivers goods to another person (the 'consignee') primarily for sale by the consignee and the consignee has the right to return any commercial unit of the goods in lieu of payment." 31 L.P.R.A. § 3027 (2004). However, the consignee's right to return merchandise may be limited by the terms of the contract.

Docket Document No. 77. We also found that Defendants, through their statements and actions, demonstrated that they understood that they no longer had the right to return merchandise in lieu of payment. Id.[4] As such, Defendants' contention that the thirty-day limitation

---

[3] We note that Defendants did not cite to any Puerto Rico statutes relating to consignment agreements in their Motion for Partial Judgment, see Docket Document No. 62, or in their present motion, see Docket Document No. 78. However, this does mean that there are no statutes that are applicable to the matter at issue.

[4] Defendants have not challenged any of these findings in their Motion for Reconsideration. See Docket Document No. 78.

Civil No. 05-2298 (JAF)                                                  -5-

on the return of merchandise is not binding because it does not accurately reflect the terms of their business relationship with Plaintiff is wholly unsupported by the evidence that was before the court when we decided the parties' motions for summary judgment, and Defendants have not presented any newly-discovered evidence to compel us to find in their favor on this issue.

For the reasons stated herein, we **DENY** Defendants' Motion for Reconsideration.  <u>Docket Document No. 78</u>.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of February, 2007.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge